**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0174-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TRACY TISDOL, a/k/a
POETIC,

    Defendant-Appellant.

_____

<div style="margin-left:2em">

Submitted December 11, 2024 – Decided December 30, 2024

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 95-11-1254.

Tracy Tisdol, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Leandra L. Cilindrello, Assistant Prosecutor, of counsel and on the brief).

</div>

PER CURIAM

Defendant Tracy Tisdol appeals from the June 27, 2023 order of the Law Division denying his motion to correct an illegal sentence. We affirm.

I.

In 1995, defendant conspired with Meshach Greene and Corie Miller to rob two young women who were sitting in a car with the windows down on a summer night in Paterson. Miller was armed with a loaded handgun, which defendant had seen in his possession earlier that day.

The three men surrounded the women and demanded they turn over their money. When the victims said they did not have any money, Miller cocked the gun and struck one of the women in the head. The assault caused the weapon to discharge. The bullet struck the other woman, lacerating several of her internal organs and lodging in her liver. Defendant and his co-conspirators fled the scene, leaving the gravely injured victim to bleed to death while her friend frantically tried to drive her to the hospital.

A jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2 and 2C:15-1; two counts of first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree possession of a

weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

At defendant's 1997 sentencing, the court merged the felony murder conviction into the murder conviction, for which it sentenced defendant to life imprisonment with a thirty-year period of parole ineligibility. The conspiracy conviction was merged into the armed robbery convictions. The court sentenced defendant to a twenty-year period of incarceration with a ten-year period of parole ineligibility on each armed robbery conviction, with one sentence imposed concurrently to the sentence for murder and one imposed consecutively to the sentence for murder. For the possession of a weapon for an unlawful purpose, the court sentenced defendant to a ten-year term of imprisonment with a five-year period of parole ineligibility. Finally, the court sentenced defendant to a five-year term of imprisonment for the unlawful possession of a weapon conviction. The court directed that the sentences on the weapons convictions run concurrently with the murder sentence. In the aggregate, the court sentenced defendant to a term of life imprisonment, plus twenty years, with a forty-year period of parole ineligibility.

On direct appeal, defendant argued, among other points, that the trial court erred when it imposed the maximum sentence for his armed robbery convictions

3

and directed that the sentence for one armed robbery conviction run consecutively to his sentence for murder. He also argued that his aggregate sentence was manifestly excessive. We affirmed defendant's convictions and sentence. State v. Tisdol, No. A-6056-96 (App. Div. Nov. 12, 1999). The Supreme Court denied certification. 163 N.J. 396 (2000).

We subsequently affirmed the denial of defendant's first petition for post-conviction relief (PCR). State v. Tisdol, A-3698-03 (App. Div. Feb. 10, 2005). The Supreme Court denied certification. 183 N.J. 586 (2005).

Defendant also filed for a writ of habeas corpus in the United States District Court, which the court denied on September 25, 2006. Tisdol v. Cathel, No. Civ. A. 05-3823 (JAP) (D.N.J. Sep. 25, 2006). The Third Circuit affirmed, and the United States Supreme Court denied certiorari. Tisdol v. Milgram, 552 U.S. 1284 (2008).

Defendant subsequently filed his second PCR petition. Among the issues defendant raised was that his sentence was excessive. The PCR court rejected the petition as time-barred and substantively meritless. We affirmed. State v. Tisdol, No. A-1018-09 (App. Div. Oct. 29, 2010). The Supreme Court denied certification. 205 N.J. 518 (2011).

A-0174-23

In 2018, defendant filed a motion in the Law Division to correct an illegal sentence pursuant to Rule 3:21-10. In an oral opinion, the court denied defendant's motion, explaining as follows:

> I don't think that there's any basis whatsoever for the claim that there was an illegal sentence, which is truly the only legal basis under which this matter could be before the [c]ourt at this stage after appeals have been exhausted, after other issues raised in the two previous PCRs.
>
> . . . .
>
> As I noted, it was a standard murder sentence given, and there was a consecutive term imposed on one of the first[-]degree robberies, that with regard to the surviving victim.
>
> [W]hether . . . that sentence was lawful or excessive was addressed specifically by the Appellate Division in its decision. It was also addressed on the second PCR . . . . Those are fully adjudicated issues . . . .
>
> So there is nothing whatsoever illegal about the sentence, and . . . that truly ends our inquiry . . . .

We affirmed the court's decision. State v. Tisdol, No. A-3214-18 (App. Div. Mar. 24, 2021). The Supreme Court denied certification. 248 N.J. 215 (2021).

On April 14, 2023, defendant filed a second motion to correct an illegal sentence pursuant to Rule 3:21-10. He argued the sentencing court did not properly apply the holding in State v. Yarbough, 100 N.J. 627, 630 (1985), and

5

as a result, imposed unwarranted consecutive sentences. In addition, defendant argued the sentencing court did not consider the overall fairness of his aggregate sentence or make an explicit statement to that effect, as required by the holding in State v. Torres, 246 N.J. 246, 273 (2021).

On June 27, 2023, the motion court issued a written decision denying defendant's motion. The court found that a motion for resentencing must be filed within sixty days after the date of the judgment of conviction, unless one of the exceptions set forth in Rule 3:21-10(b) applies. The court also found that the only exceptions that might conceivably apply to defendant's motion were 3:21-10(b)(4) or (5). Subsection (b)(4) allows a motion for resentencing to be filed at any time to "chang[e] a sentence as authorized by the Code of Criminal Justice . . . ." Subsection (b)(5) allows a motion for resentencing to be filed at any time to "correct[] a sentence not authorized by law including the Code of Criminal Justice . . . ."

The court found that defendant alleged that his sentence was illegal in his 2018 motion to correct an illegal sentence, which was denied by the Law Division in 2019. As noted above, we affirmed the order denying defendant's motion in 2021 and the Supreme Court declined to review our decision. Thus,

6

the court concluded, defendant was barred from filing a second motion under subsection (b)(5) raising the same argument that his sentence was illegal.

Because defendant was barred from basing his motion on subsection (b)(5), the court found that subsection (b)(4) was the only plausible available avenue for defendant to seek resentencing. The court concluded, however, "there is nothing [d]efendant provided to this court that persuades it that [d]efendant should be resentenced" under that provision of the rule. The court rejected defendant's claim that resentencing was warranted because the sentencing court erred when it did not explicitly mention every factor set forth in Yarbough. In addition, the motion court noted defendant's previous claims that the sentencing court did not correctly apply Yarbough were rejected by the Law Division and this court.

The motion court also was not persuaded by defendant's argument that the holding in Torres requires he be resentenced because the sentencing court did not expressly state that his overall sentence was fair. The court rejected the argument that Torres applied retroactively. In addition, the court noted that in our 2019 opinion we affirmed the imposition of consecutive sentences on defendant based, in part, on the sentencing court's recognition that he participated in the armed robbery of two victims. Thus, the motion court

7

concluded, we previously found that the sentencing court made a sufficient statement regarding the fairness of the consecutive sentences imposed on defendant as required in <u>Torres</u>.

Finally, the motion court rejected defendant's claim he was entitled to resentencing to have the court reweigh and rebalance the aggravating and mitigating factors in the interest of justice. The court found defendant's challenge to the sentencing court's findings with respect to the aggravating and mitigating factors was considered and rejected in the adjudication of his second PCR petition. A June 27, 2023 order memorialized the motion court's decision.

This appeal followed. Defendant makes the following argument.

> THE TRIAL COURT ERRED FOR DENYING DEFENDANT['] S ILLEGAL SENTENCE MOTION WITHOUT CONDUCTING AN OVERALL FAIRNESS ASSESSMENT AND A[N] EXPLICIT STATEMENT OF REASONS FOR IMPOSING MAXIMUM CONSECUTIVE SENTENCE[S] FOR ARMED ROBBERY. THEREFORE[,] DEFENDANT['] S MATTER SHOULD BE REMANDED BACK TO THE TRIAL COURT FOR A FULL RESENTENCING HEARING.
>
> A. On remand defendant's consecutive sentence for robbery should be r[u]n concurrent with the murder.
>
> B. Defendant's sentence evidence[s] sentence disparity.

8

C. On remand the [c]ourt needs to conduct a[n] independent analysis of double counting aggravating factor one.

## II.

A motion to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5); State v. Schubert, 212 N.J. 295, 309 (2012). An illegal sentence "exceed[s] the penalties authorized by statute for a specific offense." State v. Murray, 162 N.J. 240, 246 (2000). "A sentence may also be illegal because it was not imposed in accordance with law. This category includes sentences that, although not in excess of the statutory maximum penalty," are not authorized by statute. Id. at 247. "In addition, a sentence may not be in accordance with law because it fails to satisfy required presentencing conditions" or "include a legislatively mandated term of parole ineligibility." Ibid. We review de novo the trial court's finding that a sentence is legal. Schubert, 212 N.J. at 303-04.

Having reviewed defendant's arguments in light of the record and applicable legal principles, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add only the following comments.

We agree with the motion court's conclusion that Torres is not retroactive and does not entitle defendant to a resentencing hearing. In Torres, issued more

A-0174-23

than twenty years after defendant was sentenced, the Court explained its intention "to underscore" and "promote" the "concepts of uniformity, predictability, and proportionality" that underlie the sentencing factors it set forth in Yarbough.  246 N.J. at 252-53.  The Court stated,

> [w]e reiterate the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on "the fairness of the overall sentence."  [State v.] Miller, 108 N.J. [112,] 122 [(1987)]; see also State v. Abdullah, 184 N.J. 497, 515 (2005).  Toward that end, the sentencing court's explanation of its evaluation of the fairness of the overall sentence is "a necessary feature in any Yarbough analysis."  [State v.] Cuff, 239 N.J. [321,] 352 [(2019)].
>
> [Id. at 270.]

The Court in Torres did not announce a new rule.  It renewed and reemphasized the long-established requirement that a sentencing court provide "an explanation of the overall fairness of [a] consecutive sentence . . . ."  Ibid. Because the Court did not create a new rule of law, retroactivity is not applicable.  State v. Feal, 194 N.J. 293, 307 (2008); State v. Burstein, 85 N.J. 394, 403 (1981) ("[R]etroactivity can arise only where there has been a departure from existing law.").  As the motion court found, defendant has unsuccessfully challenged the overall fairness of his aggregate sentence multiple times.  The

10

Court's opinion in <u>Torres</u> does not give defendant grounds to relitigate the fairness of his sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11